39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Meho HUKAREVIC, Plaintiff-Appellant,
v.
COUNTY OF MENOMINEE, Robert O. Evans, George Porod, Fred
Warner, and Brian Smith, Defendants-Appellees.
 No. 93-1892.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1994.
 
 Before: MILBURN, RYAN, and NORRIS, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff, Meho Hukarevic, appeals pro se from the district court's grant of summary judgment for the defendants. Hukarevic was shot by a Michigan State Police officer after Hukarevic had engaged in a drunken shoot up of his residence and a high speed automobile chase. Hukarevic brought suit against Menominee County, Michigan, and various law enforcement officers, alleging causes of action under 42 U.S.C. Sec. 1983 and state tort law. Because we find Hukarevic's appeal to be without merit, we affirm.
 
 
 2
 On September 29, 1989, after consuming alcohol and valium, Hukarevic had a violent argument with his wife and ended it by beating her. Mrs. Hukarevic fled with their son to a neighbor's house. Afterwards, Hukarevic fired two pistols repeatedly, apparently at his house. Hukarevic's wife heard the firing from the neighbor's house and was concerned that her husband may have shot himself.
 
 
 3
 Sheriff's Deputy Porod, an acquaintance of Hukarevic and a fellow Vietnam veteran, received a radio call about the Hukarevic's domestic dispute and the shots being fired and was asked to intervene. After requesting backup from the Michigan State Police, Porod and Michigan State Police Troopers Warner and Smith spoke with Mrs. Hukarevic, who expressed fear that Hukarevic had committed suicide. She asked Porod to determine whether her husband was still alive. Porod went alone to the Hukarevic home to investigate. Hukarevic came to the door carrying a shotgun which he fired into a dresser. Porod then fled for his safety.
 
 
 4
 Hukarevic then loaded his truck with some supplies and at least five long guns, and drove away at a high rate of speed. The troopers followed Hukarevic's vehicle in their cruiser with their emergency lights flashing. Hukarevic led the troopers on a high speed chase through many back roads and eventually back to his residence. He began to unload the truck, including the long guns, when Trooper Warner called out for Hukarevic to surrender. Without turning around, Hukarevic stated: "This is my property. I just want to sleep it off. If you want to shoot me, go ahead, because I don't care." Trooper Warner claimed that he heard the sound of a rifle bolt and then shot Hukarevic with his shotgun. Hukarevic was wounded in the back of his leg, placed under arrest, and taken to a hospital.
 
 
 5
 In September 1992, Hukarevic filed suit in state court against Menominee County, Deputy Porod, and Sheriff Bob Evans. The complaint alleged causes of action under 42 U.S.C. Sec. 1983 and state tort law. The defendants removed the case to the federal district court. In August 1993, Hukarevic amended his complaint to add Troopers Warner and Smith, alleging causes of action under state tort law.
 
 
 6
 The district court granted summary judgment for all the defendants. The court found that Sheriff Evans, Deputy Porod, and Menominee County enjoyed qualified immunity under federal and state law and dismissed Hukarevic's suit. The court also found that Hukarevic's action against the troopers was barred by the statute of limitations. Although Hukarevic was represented by counsel in the district court, he has appealed pro se.
 
 
 7
 The plaintiff's pro se brief does not frame any assignments of error but, instead, offers generalized arguments criticizing the "unfairness" of the proceeding in the district court, and disagreeing with the propriety of the summary judgment for the defendants.
 
 
 8
 Treating the plaintiff's pro se statement on appeal as a challenge to the award of summary judgment for the defendants, we are satisfied that the district court did not err. The district court prepared a thoughtful and thorough opinion explaining the basis for its award of summary judgment for the defendants, and we agree with the court's reasoning and conclusions entirely. For the reasons stated therein, the district court's grant of summary judgment is AFFIRMED.